UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COLONY INSURANCE COMPANY,

        Plaintiff,   Civil Case No.:

v.

              **COMPLAINT FOR**
              **DECLARATORY JUDGMENT**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY AND GILSON ANDRADE

        Defendants.
------------------------------------------------------------x

   Plaintiff, COLONY INSURANCE COMPANY ("Colony" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest") ("Southwest") and GILSON ANDRADE ("Andrade").

## NATURE OF THE ACTION

   1.  In this action, Colony seeks a declaration that Southwest is obligated to defend and indemnify Southwest's insured, Restoring Urban Neighborhoods LLC ("Restoring") in connection with an Underlying Action.

   2.  Andrade alleges he suffered injuries on November 29, 2021, and subsequently filed an Amended Complaint on January 4, 2023 in Supreme Court, Kings County ("Underlying Action").

   3.  Colony has been forced to defend Restoring in the Underlying Action and has incurred defense costs and expenses because of Southwest's refusal to defend and indemnify Restoring.

## PARTIES

4. At all times material hereto, Colony was and is a Virginia insurance company (not an LLC) with its principal place of business in Illinois.

5. At all times material hereto, Southwest was and is a foreign corporation with its principal place of business in Morristown, New Jersey, and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Andrade was, and is, domiciled in Queens County, New York.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Andrade claims he suffered severe and permanent injuries, including a right knee arthroscopy with debridement of the medial meniscus, right ankle arthroscopy and a lumbar microdiscectomy, and can no longer work. As such, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

10. Personal jurisdiction over Southwest is proper as it is domiciled in Arizona and conducts business in the State of New York.

11. Personal jurisdiction over Andrade is proper as he is a resident of, and domiciled in Queens County, State of New York.

12. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

13. Southwest issued a Commercial General Liability Policy to its Named Insured, Horizon Construction, Inc. ("Horizon") ("Southwest Policy").

14. The Southwest Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

15. Restoring qualifies as an Additional Insured under the Southwest Policy on a primary and non-contributory basis.

## CONTRACT

16. In an October 18, 2016 contract, Horizon agreed to procure insurance on behalf of Restoring, and to name Restoring as an Additional Insured on a primary and non-contributory basis on its own insurance policy with Southwest.

## ACCIDENT AND UNDERLYING LAWSUIT

17. On January 4, 2023, an Amended Complaint was filed entitled, *Gilson Andrade v. Restoring Urban Neighborhoods, LLC and Horizon Construction, Inc*.; Supreme Court, Kings County; Index No.: 513635/2022 ("Underlying Action").

18. On May 19, 2023, a Third-Party Action was filed in the Underlying Action entitled, *Horizon Construction, Inc., v. People's Environmental Inc*. ("Third-Party Action").

19. In the Underlying Action, Andrade alleges that that on November 29, 2021 he was working at 305 Atkins Avenue, Brooklyn, New York when he fell and was injured.

20. Colony assigned counsel to defend Restoring and is paying for Restoring's defense in the Underlying Action and its prosecution of the Third-Party Action.

4879-2845-8194, v. 1

**TENDERS**

21. On December 13, 2022, May 16, 2023 and November 22, 2023, Colony tendered Restoring's defense and indemnity in the Underlying Action to Southwest.

22. Southwest failed to provide its coverage position as respects Restoring in response to the above-refenced letters from Colony.

23. Southwest has improperly failed to defend and indemnify Restoring in connection with the Underlying Action under the Southwest Policy.

24. Southwest is estopped from denying coverage to Restoring and has waived all potential coverage defenses under the Southwest Policy.

25. Colony has been forced to defend Restoring in the Underlying Action and prosecute the Third-Party Action and thus has incurred costs and expenses because of Southwest's improper refusal to defend and indemnify Restoring.

26. An actual controversy exists between Colony and Southwest with respect to Southwest's duty to defend and to indemnify Restoring in connection with the Underlying Action.

27. Colony has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

28. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "27'' as if fully set forth herein.

29. The subject accident and the Underlying Action fall within coverage afforded by Southwest under the Southwest Policy.

30. Restoring is Southwest's insured under the Southwest Policy and is entitled to defense and indemnity from Southwest in connection with the subject accident and the Underlying Action.

31. Southwest must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Restoring under the Southwest Policy.

32. As a result of its violation of New York Insurance Law §3420, Southwest is estopped from denying coverage to Restoring and has waived all potential coverage defenses under the Southwest Policy.

33. Colony is entitled to a declaration that Southwest has a duty to defend and indemnify Restoring on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Colony for past costs and expenses incurred for Restoring as an Additional Insured under the Southwest Policy.

## **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

34. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "33" as if fully set forth herein.

35. The subject accident and the Underlying Action fall within the coverage afforded by Southwest under the Southwest Policy.

36. All terms and conditions of the Southwest Policy have been complied with and met.

37. Southwest is obligated to defend and to indemnify Restoring on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy.

38. Southwest has breached its obligations by refusing to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action under the Southwest Policy.

39. As a result of its violation of New York Insurance Law §3420, Southwest is estopped from denying coverage to Restoring and has waived all potential coverage defenses under the Southwest Policy.

40. As a result of Southwest's breach of its obligation to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action, Colony has been required to incur costs that should have been incurred by Southwest and continues to do so.

41. Colony has suffered and will continue to suffer damages on account of Southwest's refusal to fulfill its obligations to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action.

42. Southwest is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Restoring in connection with the subject accident, the Underlying Action and the Third-Party Action, including paying past costs and ongoing costs and fees and expenses for defense and/or indemnity.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Southwest has a duty to defend and to indemnify Restoring on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy and to reimburse Colony for past costs and expenses;

b. Awarding Colony all damages incurred by virtue of Southwest's breach of its obligation to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action; and

4879-2845-8194, v. 1

   c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
    July 18, 2024

            LONDON FISCHER LLP

            <u>/s/ William J. Edwins</u>
         By: James Walsh
            William J. Edwins
            Attorneys for Plaintiff
            Colony Insurance Company
            59 Maiden Lane, 39th Floor
            New York, New York 10038
            (212) 972-1000
            Our File No.: 417.0567218